IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANGELA CARVELLA JAMES, )
 )
       **Plaintiff**, )
 )
vs. ) Case No. 12-cv-643-TLW
 )
CAROLYN W. COLVIN,[1] )
Acting Commissioner of Social Security, )
 )
       **Defendant.** )

## OPINION AND ORDER

Plaintiff Angela Carvella James seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 8). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a 36-year old female, applied for Titles II and XVI benefits on April 17, 2009. (R. 150-157). Plaintiff alleged a disability onset date of January 26, 2009. Id. Plaintiff claimed that she was unable to work due to a "torn capsule under rotator cuff, pleurisy of lungs, [and a] bulging disk [sic] in neck." (R. 179). Plaintiff's claims for benefits were denied initially on August 6, 2009, and on reconsideration on April 8, 2010. (R. 91-98; 107-112). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (R. 114). The ALJ held the hearing on February 28, 2011. (R. 28-74). The ALJ issued a decision on July 28, 2011, denying benefits and finding plaintiff not disabled because she was able to perform her past relevant work as a customer service representative, and an automotive rental clerk. (R. 10-22). The Appeals Council denied review, and plaintiff appealed. (R. 1-5); (Dkt. # 2).

**The ALJ's Decision**

The ALJ found that plaintiff had not performed any substantial gainful activity between her alleged disability onset date of January 26, 2009, through her last insured date of June 30, 2009. (R. 15). The ALJ found that plaintiff had the severe impairments of right shoulder capsular tear and cervical strain with bulging discs. Id. Plaintiff alleged "decreased hearing in her right ear," but the ALJ considered it a non-severe impairment because the record revealed no evidence

2

that "would impose more than a minimal limitation" on her ability to perform basic work. (R. 15). The ALJ also noted that plaintiff "did not appear to have any noticeable trouble hearing and answering questions at the hearing." Id. The ALJ pointed out that although plaintiff did not allege any mental impairments in her application documents, her mention of "stress" on a function report triggered an examination of her mental impairments. (R. 16). After applying the "special technique," the ALJ determined that plaintiff's mental impairments were non-severe. Id. Under the "paragraph B" criteria, plaintiff had mild restrictions in activities of daily living, social functioning, and concentration, persistence, and pace, and no episodes of decompensation. (R. 16-17). Plaintiff's impairments did not meet or medically equal a listed impairment. (R. 17).

After reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff could perform

> …a slightly reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), in that she can lift/carry, push/pull up to 10 pounds frequently, and 20 pounds occasionally, stand and/or walk a total of 6 hours in a normal 8-hour workday, sit for 6 hours in a normal 8-hour workday, and occasionally stoop. In addition, she is limited to never reaching overhead with her right upper extremity.

Id. The ALJ then found that plaintiff's residual functional capacity allowed her to return to her past relevant work as a customer service representative, or an automotive rental clerk, as both jobs require very little, if any lifting, and no overhead lifting. (R. 21). In the alternative, the ALJ cited other jobs that plaintiff could perform, such as telephone answerer (sedentary, SVP 3), counter clerk (light, SVP 2), and rental clerk (light, SVP 2). Accordingly, the ALJ found that plaintiff was not disabled. Id.

## ANALYSIS

On appeal, plaintiff raises a number of issues. (Dkt. # 16). After reviewing the applicable case law and regulations, reviewing the parties' briefs and the record, and holding a hearing, the Court finds that plaintiff's allegations of error do not warrant reversal, except for her claim that

the ALJ erred in failing either to consider plaintiff's non-severe mental impairment as part of the residual functional capacity assessment or to explain why such impairment was not considered. On this issue, the Commissioner contends that "the ALJ was not required to include her step two paragraph B findings of mild limitations in her RFC finding," citing the unpublished opinion of Anderson v. Colvin, No.12-1102, 2013 WL 1339379 at *7 (10th Cir. 2013). Id. At the hearing, the Commissioner also argued that plaintiff did not establish a mental limitation at step two, instead noting that the ALJ discussed plaintiff's physical limitations in the paragraph B findings. (Dkt. # 28, Hearing, Marisa Tanya Silverman).

At step two, the ALJ must determine whether the claimant has an "impairment or combination of impairments which significantly limits [his] ... ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Such impairments are referred to as "severe." Id. This step requires only a *de minimis* showing of impairment. See Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997) (citing Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)).

At step four, the ALJ must determine plaintiff's residual functional capacity, which reflects the most a claimant can do despite any impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); SSR 96-8p. The ALJ must consider all of a claimant's medically determinable impairments, whether or not they are severe. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). The Tenth Circuit has held that "failure to consider all of the impairments is reversible error." Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006). The residual functional capacity findings "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence

(e.g., daily activities, observations)." SSR 96-8p. The question is here is to what extent the ALJ must consider non-severe impairments as part of the RFC assessment.

The Tenth Circuit has recently addressed this issue in two opinions. See Wells v. Colvin, 727 F.3d 1061 (10th Cir. 2013) and Alvey v. Colvin, 536 Fed.Appx. 792 (10th Cir. 2013) (unpublished). In Wells, the Tenth Circuit ruled that a finding by an ALJ that mental impairments are non-severe "does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." Wells, 727 F.3d at 1068. The Tenth Circuit first discussed the fact that the ALJ found mild, non-severe, mental impairments and then implied that he omitted any consideration of those impairments from the RFC assessment. Id. at 1071. The Tenth Circuit also noted, however, that the ALJ did briefly address the plaintiff's mild mental limitations during his credibility analysis (conducted as part of his RFC assessment) and that had the ALJ's step four analysis been proper, this brief consideration may have been sufficient. In Alvey, the court relied on the fact that there was no evidence in the record of any limitation, stating that there were "no records indicating treatment by a mental practitioner," and "medical opinions from shortly before the amended onset date do not support any mental functional limitations." Alvey, 536 Fed.Appx. at 794-795. Thus, Wells and Alvey stand for the proposition that a non-severe mental impairment, if supported by the record, must be discussed in some way at the RFC assessment stage.

Here, the ALJ did not include any discussion of plaintiff's mild mental impairment in her RFC assessment. She did mention at step four that she compared plaintiff's RFC "with the physical and mental demands" of her past relevant work, but did not elaborate beyond that typical boilerplate language. (R. 21). In addition, as the ALJ discussed at step two, plaintiff received treatment for her mental condition, even if limited, from Family and Children Services,

5

so there is some support in the record for plaintiff's non-severe mental impairment. (R. 432-436). Thus, this case is more akin to <u>Wells</u> than to <u>Alvey</u>, although it does fall somewhere in between. As a result, a remand is necessary so the ALJ can include plaintiff's mild mental impairment in the RFC assessment or explain why doing so is unnecessary.

## **CONCLUSION**

For the reasons stated above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings.

SO ORDERED this 19th day of March, 2014.

_____
T. Lane Wilson
United States Magistrate Judge